The judgment of the court was pronounced by
Slidell, J.
After judgment by default, the plaintiff proceeded to offer evidence for the purpose of obtaining final judgment. The sheriff's return of service of interrogatories was as follows: “ On the 20th December, 1848, I *218 served a true copy of the within interrogatories on the defendant, fay delivering the same to Mrs. Emmeline Wetzlar, wife of the defendant, in person, in this parish.” The art. 427 C. P. requires the interrogatories to be notified to the opposite party, in order that he may propound cross-interrogatories. No article •of the code has been cited, designating how the actual service of interrogatories is to be made, where the parly has not appeared by counsel. There is a provision for fictitious service by posting, which is not shown nor relied upon in this case. The appellant’s counsel concedes the rule of service applicable here to be the same as is prescribed for citation in art. 201. Under that rule the return is defective; for it does not show that the service was made upon the person named in the return, at the domicil of the defendant. State v. Johnson, 550; Bullard v. Lee, 14 L. R. 213.
But it is said that the court could not raise the objection. In this view we do not concur. Here was an ex parte trial upon default. The judge had no evidence before him, that a proper opportunity had been afforded to the defendant to propound cross-interrogatories. This is a right secured to the defendant, even where “he suffers judgment by default to go against him.” C. P. 427. Cross-examination is a means of testing the truthfulness of the witness, and also of calling his attention to matters which an honest witness might overlook if not cross-examined, and which might materially qualify or even neutralise his statements on the direct examination. We therefore think a district judge has a right to refuse to acfcat an ex parte hearing upon testimony thus obtained. Whether he is, bound to refuse, it is not necessaiy now to decide. But we may observe, that the rule of the Roman law was very favorable to an absent party, and seems founded in wisdom and justice. Litigatoris absentia dei presentía repleatur. Cited by Donnat, book 4, tit. 11, § 8.
Judgment affirmed, with costs.